679 A.2d 151

IN THE MATTER OF STEPHEN J. SCHUTZMAN,
AN ATTORNEY AT LAW.

July 30, 1996.

## ORDER

This matter having been presented to the Court pursuant to *Rule* 1:20–10(b) following a motion for discipline by consent of **STEPHEN J. SCHUTZMAN** of **NEW YORK, NEW YORK,** who was admitted to the bar of this State in 1985;

And the Committee on Attorney Advertising and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent did not maintain a *bona fide* office in New Jersey while representing a party in a matter titled *Gavin v. Kyto Diagnostics et. al.,* and also did not maintain business and trust accounts in this state during the aforementioned representation;

And the parties having agreed that respondent's conduct violated *Rule* 1:21–1, *Rule* 1:21–6 and *RPC* 1.15(a) and that said violations warrant a reprimand;

And the Disciplinary Review Board having reviewed the record pursuant to *Rule* 1:20–10(b)(3) to determine the appropriate measure of discipline for respondent's misconduct;

And the Disciplinary Review Board having determined that a reprimand is the appropriate discipline for respondent's ethics infractions and having granted the motion for discipline by consent;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **STEPHEN J. SCHUTZMAN** is hereby reprimanded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.